**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

|  |  |
|---|---|
| **ADVENTHEALTH and SHAWNEE MISSION MEDICAL CENTER, INC. (d/b/a ADVENTHEALTH SHAWNEE MISSION),**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**MACHINIFY (AIXO, INC. – APIXIO, LLC),**<br><br>**Defendant.** | **4:25CV3249**<br><br><br>**ORDER** |

This matter is before the Court after review of the motion[1] ([Filing No. 1](#)) and accompanying documents filed by Plaintiffs, AdventHealth and Shawnee Mission Medical Center, Inc. d/b/a AdventHealth Shawnee Mission. Plaintiffs seek the Court to order a Rule 45 subpoena recipient, Machinify (Aixo, Inc. – Apixio, LLC), to show cause why it should not be held in contempt for failure to respond to a subpoena duces tecum.

The subpoena was issued by the United States District Court for the Western District of Missouri in connection with a civil action pending there, *Shawnee Mission Medical Center, Inc. v. Blue Cross and Blue Shield Of Kansas City*, Case No. 4:25-cv-00513-RK (W.D. Mo. July 2, 2025). In that case, Plaintiffs have sued Blue Cross and Blue Shield of Kansas City ("BCBSKC") to challenge its "long-standing scheme to wrongfully and artificially reduce payment to Advent for hospital inpatient services" through BCBSKC's improper "revenue-generation practice called 'clinical validation audits.'" Plaintiffs allege BCBSKC contracted with various outside vendors to perform these clinical validation audits without Plaintiffs' authorization or approval and without disclosing qualifications of reviewers or criteria used to make those audits. Plaintiffs allege that since 2024, BCBSKC has used an outside vendor, Apixio, n/k/a Machinify, to perform clinical validation audits of Advent's patients' medical diagnoses in Missouri and Kansas. See [Filing No. 1](#) in Case No. 4:25-cv-00513-RK.

---

[1] Plaintiffs' Motion at [Filing No. 1](#) appears to be miscaptioned as a "Motion for Entry of Protective Order."

On September 19, 2025, Plaintiff filed a notice of intent to serve subpoenas upon three of those vendors, including Machinfy. The subpoena directs Machinify to produce documents related to the Apixio Audits, as well as communications with BCBSKC, and policies, agreements, bonuses and payment incentives, among other information generally related to those audits. The subpoena lists the place of compliance at Plaintiffs' counsel's office, Kutak Rock in Omaha, Nebraska. (Filing No. 1-1 at pp. 8-10). October 14, 2025, Plaintiffs filed a notice of return of service indicating a process server served the subpoena upon Machinify through its registered agent in Palo Alto, California, on October 1, 2025. (Filing No. 1-1 at p. 22). After Machinify failed to respond to the subpoena, Plaintiffs sought an order to show cause in the lawsuit pending in the Western District of Missouri. (Filing No. 1-1 at p. 24).

On November 24, 2025, the district judge presiding over the underlying action denied Plaintiff's motion because "the Western District of Missouri is neither the place of compliance named in the subpoena nor the location of the subpoenaed nonparty." (Filing No. 1-1 at p. 23). The district court judge observed that because the place of compliance (i.e., the place where the documents are to be produced) is the Kutak Rock, LLP office in Omaha Nebraska, and Machinify's registered agent is located in Palo Alto, California, "the proper district court from which to request relief related to Machinify's failure to respond to the subpoena [] in the District of Nebraska or the Northern District of California." (Filing No. 1-1 at p. 23).

Plaintiffs have now refiled the motion for an order to show cause against Machinify in this district, as the subpoena directs Machinify to produce documents at the law office of Kutak Rock in Omaha, Nebraska. Plaintiffs' certificate of services to the motion and accompanying documents state they were served upon Machinify on December 8, 2025, "via certified mail to Defendant's registered agent's last known address (635 High Street, Palo Alto, California 94301)."[2] (Filing No. 1 at p. 2).

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A subpoena "may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2)(A). A person who has been served but

---

[2] However, Plaintiffs have not returned any signed certified mail return receipts.

2

fails to comply with the subpoena or an order related to the subpoena "without adequate excuse" may be held in contempt. See Fed. R. Civ. P. 45(g). "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena[.]" Fed. R. Civ. P. 45 (Advisory Committee Note Subdivision (g) to the 2013 Amendment).

Under the 2013 amendment to Rule 45, "[a] subpoena must issue from the court where the action is pending," but only a "court for the district where compliance is required" may enforce, quash, or modify a subpoena. Fed. R. Civ. P. 45(a)(2), (d). "Although Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c)." Fed. R. Civ. P. 45(f) advisory committee notes (2013 amendments); see also Fed. R. Civ. P. 45(d)(3)(A) (providing "the court for the district where compliance is required must quash or modify a subpoena that . . . (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)). Like the district court in the underlying action, courts have held that "the address listed on the subpoena determines the court of compliance." Schnelle v. Swift Tech. Servs., L.L.C., No. 4:21-mc-02466, 2022 WL 705873, at * 2 (S.D. Tex. Mar. 9, 2022). Several courts have concluded that, as a practical matter, it makes sense that the place of compliance must be a district where the subpoenaed entity resides, works, or regularly transacts business. See, e.g., KLC Fin., LLC v. Sarc USA, Inc., No. 1:24-CV-00123-SNLJ, 2025 WL 3033485, at *2 (E.D. Mo. Oct. 30, 2025) (denying motion to compel compliance with Rule 45 subpoena for lack of jurisdiction because "the subpoenas were served on non-party entities located in Michigan and California," and "[t]his district is not within 100 miles of the locations listed in the subpoenas for those entities.").

Here, Plaintiffs served a subpoena duces tecum on Machinify, a nonparty entity located in Palo Alto, California, in connection with litigation pending in Missouri. The subpoena provides that the place of compliance is Omaha, Nebraska. However, on this record, this Court has no evidence showing that Omaha, Nebraska is within 100 miles of where Machinify "regularly transacts business in person." See Fed. R. Civ. P. 45(c)(2)(A). The subpoena was issued in connection with litigation pending in Missouri, and the record contains no indication Machinify conducts business here or otherwise has any connection to Nebraska whatsoever. In other words, the information before the Court reflects that the subpoena would require Machinify to produce documents outside the geographic limits specified by Rule 45(c). Therefore, because Plaintiffs have not provided evidence demonstrating this Court has the authority under Rule 45 to enforce the subpoena directing Machinify to comply with the subpoena in Omaha, Nebraska, the Court

3

will provide Plaintiffs with an opportunity to show cause why this Court has jurisdiction over Machinify such that directing compliance with the Rule 45 subpoena in Omaha, Nebraska is proper. In the absence of such showing, the Court will deny Plaintiffs' motion without prejudice. Accordingly,

**IT IS ORDERED:** On or before **March 27, 2026**, Plaintiffs shall show cause why this Court has authority to require Machinify to comply with the Rule 45 subpoena in Omaha, Nebraska. See Fed. R. Civ. P. 45(c)(2) & (d)(3)(A). In the absence of such showing, Plaintiffs' motion will be denied without prejudice.

Dated this 27th day of February, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge